UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Iris Falk and Bernard Falk, wife and husband,

       Plaintiffs,

  v.

Wyeth d/b/a Wyeth, Inc.;
Wyeth Pharmaceuticals;
Pharmacia & Upjohn Company LLC;
Greenstone Ltd.; Barr Pharmaceuticals, Inc.;
and Pfizer Inc.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-187 ADM/SER

_____

Charles S. Zimmerman, Esq., and Ronald S. Goldser, Esq., Zimmerman Reed, PLLP, Minneapolis, MN, on behalf of Plaintiffs.

Carrie L. Hund, Esq., and Edward F. Fox, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Plaintiffs Iris and Bernard Falk's (collectively the "Falks") Motion to Transfer/Change Venue [Docket No. 12]. For the reasons set forth below, the motion is granted and the case is transferred to the United States District Court for the Southern District of Florida.

## II. BACKGROUND

Plaintiff Iris Falk ("Iris") alleges that she developed breast cancer as a result of using hormone therapy drugs. Compl. [Docket No. 1] ¶ 1. Plaintiff Bernard Falk ("Bernard") is Iris's husband and asserts claims arising from his alleged loss of consortium. Id. ¶ 2. Defendants are pharmaceutical companies engaged in the design, manufacture, and distribution of hormone

therapy drugs.  Id. ¶¶ 6-8.  Iris and Bernard are residents of Florida.  Id. ¶ 5.  Defendants are Delaware corporations with their principal places of business in either New York or New Jersey.  Id. ¶¶ 6-8.

Iris was diagnosed with breast cancer in December 2000.  Id. ¶ 5.  The Falks brought suit in the United States District Court for the District of Minnesota (the "District of Minnesota") against Defendants, invoking the Court's diversity jurisdiction.  Id. ¶ 3.  Presumably, the Falks brought suit in this District to take advantage of Minnesota's favorable statute of limitations.  The Falks now move to transfer venue to the United States District Court for the Southern District of Florida (the "Southern District of Florida").  Defendants have stated that they "will not oppose transfer . . . but preseve their objections to transfer."  Defs.' Submission Re Propriety of §1404(a) Transfer [Docket No. 15] at 1.

### III.  DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Deciding whether to transfer requires consideration of three factors:  (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice.  Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).  Transfer should be determined after a case-by-case evaluation of the particular circumstances and consideration of all relevant factors.  Id.

As a threshold matter, as a diversity case between Falk and Defendants, it appears that the Southern District of Florida would have personal jurisdiction over the parties and subject

matter jurisdiction over this case. Therefore, this action could have been brought in either forum, and the Court will focus its attention on the Terra factors.

### A. Convenience of the Parties

In considering the convenience of the parties, courts generally afford deference to a plaintiff's choice of forum. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Where, however, the plaintiff is not a resident of the forum and the underlying events did not occur in the forum, little or no deference should be afforded to the plaintiff's choice. Burnett v. Wyeth Pharm., Inc., Civil No. 06-4923, 2008 WL 732425, *1 (D. Minn. March 17, 2008).

Minnesota is an inconvenient forum for the parties. None of the parties are located in Minnesota. None of the relevant events or alleged injuries occurred in Minnesota. None of the evidence is located in Minnesota. Indeed, it appears the only connection Minnesota has to this litigation is the fact that the Falks commenced their lawsuit here. Significant costs will be expended if the parties are required to travel to Minnesota to litigate this case. Therefore, this factor weighs in favor of transfer.

Although the Falks are the party that chose to initiate their lawsuit in this forum and now seek transfer, this practice has been approved by the United States Supreme Court and does not vitiate against transfer. See Ferens v. John Deere Co., 494 U.S. 516, 527-28 (1990).

### B. Convenience of the Witnesses

In analyzing the convenience of the witnesses factor, relevant considerations are the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. Terra, 119 F.3d at 688.

Minnesota is an inconvenient forum for the witnesses in this case. Most, if not all, of the anticipated non-party witnesses reside outside of Minnesota, and their willingness to travel cannot be presumed. In fact, it appears many key witnesses reside in Florida, and therefore outside of the Court's subpoena power. Furthermore, the adequacy of deposition testimony has not been established. As such, this factor weighs in favor of transfer.

### C. Interests of Justice

Relevant considerations for weighing the interests of justice include judicial economy, plaintiff's choice of forum, comparative costs of litigating in each forum, ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and advantages of having a local court determine questions of local law. Terra, 199 F.3d at 696. Many of the interest of justice factors are not implicated by this case. However, Florida has a greater interest than Minnesota in protecting Florida citizens and applying Florida substantive law, which will likely apply in this case. Therefore, the interests of justice favor transfer to the Southern District of Florida.

In sum, as all three factors weigh in favor of transfer, this case will be transferred to the Southern District of Florida.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Transfer/Change Venue [Docket No. 12] is **GRANTED** and, pursuant to 28 U.S.C. § 1404(a), the venue of this case shall be transferred to the United States District Court for the Southern District of Florida.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 28, 2011.